UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05-11445DPW

ROBERT GRAY,

Plaintiff,

v.

TRANSPORTATION SECURITY
ADMINISTRATION, JAMES LOY IN HIS
CAPACITY AS SECRETARY OF THE
TRANSPORTATION SECURITY
ADMINISTRATION, DEPARTMENT OF
HOMELAND SECURITY, AND MICHAEL
CHERTOFF IN HIS CAPACITY AS SECRETARY OF
THE DEPARTMENT OF HOMELAND SECURITY

Defendant.

## VERIFIED AMENDED COMPLAINT

### PRELIMINARY STATEMENT

Defendant Transportation Security Administration ("TSA") denied Plaintiff's

request for flight training. TSA based this denial on (1) unspecified allegations from

unidentified sources and (2) secret evidence that it has refused to disclose or even

describe. Shortly after Plaintiff exercised his constitutional right to petition the

government by challenging this denial in court, TSA retaliated against him by placing

him on a watch-list of suspected terrorists. This retaliation has had dramatic

consequences in nearly every aspect of Plaintiff's life.

The reliance by TSA on secret allegations and secret evidence contravenes

fundamental principles of due process and fair treatment. Neither fairness nor accuracy

can be achieved by one-sided determinations of facts that trigger consequences as dramatic as those incurred by Mr. Gray. In fact, as the Supreme Court has held in relation to a different sort of system grounded on undisclosed information, "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights . . . . Secrecy is not congenial to truth-seeking and self-righteousness gives too slender an assurance of rightness. No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it." Goss v. Lopez, 419 U.S. 565, 580 (1975) (quoting Joint Anti-Fascist Committee v. McGrath, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring)). In the latter case, involving governmental designation of "communist" organizations during the McCarthy Era, Justice Frankfurter eloquently emphasized that these fundamental democratic principles "should be particularly heeded at times of agitation and anxiety, when fear and suspicion impregnate the air we breathe." Id. at 171.

The decision by TSA to punish Plaintiff for coming before this Court to obtain relief from the Government's unlawful actions and its reliance on secret allegations and secret evidence constitutes a dramatic abuse of power by the Executive Branch. Moreover, it threatens to chill the exercise of the right to petition the Government, which "the Supreme Court has consistently recognized . . . as among the most precious of the liberties safeguarded by the Bill of Rights." Powell v. Alexander, 391 F.3d 1, 16 (1st Cir. 2004) (internal citation and quotation marks omitted).

## JURISDICTION AND VENUE

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552a(g)(1). Venue is proper in the District of Massachusetts.

## PARTIES

1.    Plaintiff Robert Gray ("Gray") is a permanent legal resident of the United States
      who holds a British passport and resides in West Yarmouth, Massachusetts.

2.    Defendant Homeland Security Department ("HSD") is a department of the
      Executive Branch of the United States Government.

3.    Defendant Michael Chertoff is the Secretary of HSD.

4.    Defendant Transportation Security Administration ("TSA") is an agency of HSD.

5.    Defendant James Loy is the Secretary of TSA.

## STATEMENT OF FACTS

Background

6.    Gray has lived in the United States since August 1993.  He has an unblemished
      history as a productive member of the American workforce.

7.    As TSA is aware, Gray has never had any involvement whatsoever with the
      criminal justice system.  More specifically, TSA received a document from the
      Federal Bureau of Investigation on or about April 28, 2004 stating that Gray has
      never been arrested.  A true and accurate copy of this document is attached as Ex.
      A to the Affidavit of Robert William George Mulryne Gray ("Gray Aff."), filed
      herewith.

8.    Gray has never engaged in or supported any terrorist or other illegal activity.

9.    Since 1997, Gray has worked as a pilot for a number of domestic airlines, flying
      small commercial aircraft in the United States.

TSA's Denial Of Gray's Request For Authorization For Training To Fly Larger Aircraft

10.     In or about October 2004, Gray sought to enter a new field by obtaining a position

as a pilot with Executive Fliteways, Inc. ("EFI"), a charter company. This line of

work would have been much more lucrative than Gray's prior work as a pilot and

would have led to significant new opportunities, including opportunities created

by being able to fly significant "pilot in command" jet time.

11.     EFI extended to Gray an offer of employment that was conditioned on Gray

obtaining authorization from TSA for training to fly larger aircraft.

12.     At EFI's request, Gray filed an online application on November 3, 2004 seeking

authorization from TSA to obtain training on larger aircraft from CAE SimuFlite,

Inc. ("CAE"). A true and accurate copy of this application is attached hereto as

Exhibit A.

13.     By electronic mail message dated December 16, 2004, TSA declined to either

process Gray's application or approve his request for training ("December 2004

Decision"). A true and accurate copy of the December 2004 Decision is attached

hereto as Exhibit B.

14.     In this message, TSA stated that the ground for the December 2004 Decision was

unspecified "derogatory information" in Gray's background that TSA had

obtained from unidentified sources.

15.     Shortly thereafter, TSA informed EFI that the Government had identified

unspecified "derogatory information" in Gray's background that TSA had

obtained from unidentified sources.

16.    As a direct and proximate result of the December 2004 Decision, EFI was prevented from following through on its conditional offer of employment.

17.    Also as a direct and proximate result of the December 2004 Decision, Gray was effectively barred from accepting any position in the field of his choice.

18.    Also as a direct and proximate result of the December 2004 Decision, Gray's reputation and standing within the airline industry was substantially diminished.

19.    For these reasons, the December 2004 Decision substantially diminished Gray's ability to earn his livelihood and pursue his chosen career.

20.    In an electronic mail message dated January 27, 2005, TSA formally denied Gray's training request ("January 2005 Denial"). A true and accurate copy of the January 2005 Denial is attached hereto as Exhibit C.

21.    The January 2005 Denial is premised on the ground that TSA has "determined that [Gray] pose[s] a threat to aviation or national security."

22.    The January 2005 Denial does not identify a single fact in support of this determination.

23.    The January 2005 Denial further states that TSA "does not disclose classified information and reserves the right not to disclose any other information not warranting disclosure . . . ."

24.    Upon information and belief, TSA provided copies of the January 2005 Denial to EFI, to CAE and to Gray's current employer.

25.    As a direct and proximate result of the January 2005 Denial, Gray was effectively barred from accepting any position in the field of his choice.

26.    Also as a direct and proximate result of the January 2005 Denial, Gray's
       reputation and standing within the airline industry was substantially diminished.

27.    For these reasons, the January 2005 Denial substantially diminished Gray's ability
       to earn his livelihood and pursue his chosen career.

28.    Gray timely replied to the January 2005 Denial by letter dated February 22, 2005
       ("Reply"). A true and accurate copy of the Reply is attached hereto as Exhibit D.

29.    In the Reply, Gray requested all information, documents or data ("Records") upon
       which the January 2005 Denial was based.

30.    By letter dated March 24, 2005, TSA informed Gray that it was providing him
       with several documents "upon which the [D]enial was based." True and accurate
       copies of this letter and its enclosures are attached hereto as Exhibit E.

31.    In this letter, TSA stated that it had redacted "portions of the documents
       containing privileged information."

32.    The enclosed documents ("March 24 Documents") consisted of a copy of the
       January 2005 Denial, a copy of a page from Gray's passport and a four-page
       document titled "Submitted Training Request Information."

33.    Nothing in any of the three March 24 Documents suggests the existence of any
       fact that could plausibly justify the January 2005 Denial.

34.    None of the three March 24 Documents reflected any redaction.

35.    By letter dated March 31, 2005, TSA produced one additional document, a
       computer printout captioned "TECS II - Person Subject Display" ("TECS
       Printout"). True and accurate copies of this letter and its enclosure are attached
       hereto as Exhibit F.

36.  Upon information and belief, Gray is not the subject of the TECS Printout.

37.  The TECS Printout identifies its subject as "Hispanic."

38.  Gray is not Hispanic.

39.  The TECS Printout identifies its subject as "Robert William Gray."

40.  Gray's full name is "Robert William George Mulryne Gray." The TECS Printout
     does not contain any reference to the middle names "George" or "Mulryne."

41.  TSA redacted portions of the TECS Printout. According to TSA's March 31,
     2005 letter, it did so to protect "portions of the document containing privileged
     information."

42.  Nothing in the unredacted portions of the TECS Printout suggests the existence of
     any fact that could plausibly justify the January 2005 Denial.

43.  Nothing in the unredacted portions of the TECS Printout suggests the existence of
     any legally recognized privilege.

44.  By letter dated April 1, 2005, Gray formally challenged the sufficiency of TSA's
     response to the Reply. A true and accurate copy of this letter is attached hereto as
     Exhibit G.

45.  By letter dated April 14, 2005, TSA stated that the March 24 Documents and the
     TECS Printout constituted "all of the documents upon which the determination in
     this matter was based that TSA is authorized to release." A true and accurate
     copy of this letter is attached hereto as Exhibit H.

46.  By letter dated April 14, 2005, Gray timely provided formal notice to TSA of
     Gray's appeal of the January 2005 Denial. A true and accurate copy of this letter
     is attached hereto as Exhibit I.

47.    By letter dated May 11, 2005, TSA affirmed the January 2005 Denial on the

ground that Gray "poses a security threat."  A true and accurate copy of this letter

("May 2005 Decision") is attached hereto as Exhibit J.

48.    This letter does not identify a single fact in support of this determination.  More

fully, the letter does not identify (a) any allegation upon which TSA relied, (b) the

source of any such allegation or (c) any evidence that supports any such

allegation.

49.    As an attorney for TSA orally confirmed on May 25, 2005, Gray has exhausted

his administrative remedies in connection with both the December 2004 Decision

and the January 2005 Denial.

50.    TSA's reliance on secret allegations, secret sources and secret evidence

constitutes an unconstitutional deprivation of due process of law.  Moreover, it

creates a constitutionally unacceptable risk that an application will be denied

based upon, for example, a clerical error concerning individuals with similar

names, a good faith mistake by a TSA bureaucrat that an applicant could easily

have corrected, and false "evidence" supplied anonymously by someone who is

hostile to an applicant.

51.    TSA has violated fundamental principles of due process by depriving Gray of an

opportunity to learn such basic facts concerning the December 2004 Decision and

the January 2005 Denial as (a) the nature of any allegations upon which TSA

relied, (b) the source of each such allegation and (c) the evidence that supports

each such allegation.

Watch-Lists Of Suspected Terrorists Maintained By TSA

52.    TSA maintains two watch-lists of suspected terrorists.

53.    Individuals on the "Selectee List" are subjected to certain forms of screening
       before they are permitted to fly.

54.    Individuals on the "No-Fly List" are absolutely barred from flying a plane as a
       pilot, boarding any aircraft as a passenger or entering certain areas of airports.

55.    In short, the No-Fly List identifies individuals whom TSA regards as more
       dangerous to national security than the individuals identified on the Selectee List.


TSA's Decision In May 2005 Not To Put Gray On The Selectee List

56.    On May 2, 2005, Gray's employer learned that TSA had placed the name "Robert
       Gray" on the Selectee List.

57.    Upon learning of this designation, Gray's employer contacted TSA and provided
       information concerning Gray's identity, including his social security number.

58.    Shortly thereafter, TSA confirmed to Gray's employer (a) that the "Robert Gray"
       on the Selectee List was not Gray and (b) that Gray was clear to continue to fly as
       a pilot. A true and accurate copy of a business record from Gray's employer
       memorializing this confirmation from TSA ("May 2005 Confirmation") is
       attached to the Gray Aff. as Exhibit B.

TSA's Decision To Place Gray On The No-Fly List

59.    On July 8, 2005, Gray filed the initial Verified Complaint in the above-captioned matter ("Complaint") and a related petition in the First Circuit, Gray v. TSA, Docket No. 05-2024 ("Petition").

60.    Upon information and belief, Gray's name never appeared on any watch-list of suspected terrorists prior to July 8, 2005.

61.    Upon information and belief, TSA affirmatively decided not to place Gray on either the Selectee List or the No-Fly List in the wake of at least four investigations concerning the issue of whether Gray is a threat to national security.  More specifically, Gray is aware of TSA investigations underlying the following:

       (a)  The December 2004 Decision,

       (b)  The January 2005 Denial,

       (c)  The May 2005 Confirmation and

       (d)  The May 2005 Decision.

62.    Upon information and belief, TSA placed Gray's name on the No-Fly List on or about September 6, 2005.

63.    During the duration of his inclusion on the No-Fly List, Gray is unable to fly a plane, board any aircraft as a passenger or access certain areas of airports.

64.    TSA's decision to place Gray on the No-Fly List has had devastating consequences in nearly every aspect of Gray's life, including as follows:

(a) Gray's employer took his badge and suspended him.

(b) Because the government will not permit Gray to fly a plane, he cannot earn a living as a pilot. Gray does not have any other professional or vocational training. Moreover, potential employers will be reluctant to hire a person whom the government has placed on a watch-list of suspected terrorists. For these reasons, Gray will have difficulty earning a living and paying for his regular and ordinary expenses (including his rent, his consumer debt and the monthly amount due on the student loan that he took out in connection with his training as a pilot).

(c) Gray's mother, who lives in Ireland, has been in continuous ill health for approximately five years. More than once in the past few years she has been hospitalized in an intensive care unit and has been on the brink of death. On those occasions, Gray has been required to fly to Ireland on extremely short notice. Unless Gray's name is removed from the No-Fly List, there is a very real possibility that he will be unable to visit his mother on her deathbed.

(d) If Gray is unable to board a plane on October 25, 2005, he will be forced to cancel his honeymoon, which he and his fiancée were planning to spend in Europe.

(e) Gray's reputation and standing within the airline industry have been substantially diminished.

(f) Gray's reputation and standing within his community have been substantially diminished.

## COUNTS

### COUNT I – RETALATION
### United States Constitution, Amendment I

65.    Gray repeats and realleges each of the preceding paragraphs as if fully set forth

herein.

66.    The filing of the instant Complaint and the Petition are protected by the United

States Constitution, Amendment I.

67.    The filing of the instant Complaint and the Petition was a substantial or

motivating factor for Defendants' decision to place Gray on the No-Fly List.

## COUNT II – DUE PROCESS
### United States Constitution, Amendment V

68. Gray repeats and realleges each of the preceding paragraphs as if fully set forth herein.

69. Gray has liberty and property interests in his reputation, in his standing within the airline industry, in earning a livelihood and in pursuing his chosen career.

70. As set forth more fully above, TSA deprived Gray of said interests without due process of law.

## COUNT III – ADMINISTRATIVE PROCEDURE ACT
### 5 U.S.C. § 702 et seq.

71. Gray repeats and realleges each of the preceding paragraphs as if fully set forth herein.

72. Gray has suffered a legal wrong, has been adversely affected and/or is aggrieved by both the December 2004 Decision and the January 2005 Denial.

73. Gray has exhausted his administrative remedies in connection with both the December 2004 Decision and the January 2005 Denial.

74. The December 2004 Decision and the January 2005 Denial were arbitrary, capricious, abuses of discretion, not in accordance with law, contrary to constitutional right, in excess of statutory authority, without observance of procedure required by law, unsupported by substantial evidence and unwarranted by the facts.

## COUNT IV – PRIVACY ACT
## 5 U.S.C. § 552a

75.  Gray repeats and realleges each of the preceding paragraphs as if fully set forth herein.

76.  Gray requested to gain access to the Records and to information pertaining to him that is contained in TSA's system of records.

77.  TSA refused to comply with said request.


WHEREFORE, Gray respectfully requests that this Court grant the following relief:

1.  Following a hearing, enter a preliminary injunction enjoining Defendants and all of their employees, agents and representatives from maintaining Gray's name on either the No-Fly List or the Selectee List without leave of Court;

2.  Following trial, enter judgment enjoining Defendants and all of their employees, agents and representatives from maintaining Gray's name on either the No-Fly List or the Selectee List without leave of Court;

3.  Order TSA to remove Gray from the No-Fly List;

4.  Order TSA to rescind the December 2004 Decision;

5.  Order TSA to retract its unfounded statement that it had identified unspecified "derogatory information" in Gray's background;

6.  Vacate the January 2005 Denial and order TSA to approve Gray's request for training;

7.  Order TSA to retract its unfounded statements that Gray "pose[s] a threat to aviation or national security" and "poses a security threat";

8.  Enjoin TSA from withholding the Records and order the production of same to Gray;

9.  Enter judgment in favor of Gray and against Defendants in an amount to be determined by the Court;

10.     Order Defendants to pay Gray's reasonable attorneys' fees and costs and

11.     Enter such other and further relief as is just.

Respectfully submitted,

ROBERT GRAY,
By his attorneys,

Paul Holtzman, Esq.
BBO No. 563184
Hugh Dun Rappaport, Esq.
BBO No. 642263
KROKIDAS & BLUESTEIN LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 482-7211

Sarah R. Wunsch, Esq.
BBO No. 548767
ACLU OF MASSACHUSETTS
211 Congress Street
Boston, MA 02110
(617) 482-3170

DATED:  September 16, 2005

## VERIFICATION

I, Robert Gray, hereby certify that I have read the foregoing Verified Complaint, that I have personal knowledge of the facts alleged therein, and that they are true upon my knowledge, except where stated upon information and belief, which facts I believe to be true.

Signed under the pains and penalties of perjury this 16th day of September 2005.

ROBERT GRAY

2192\0001\152805.4

14

I hereby certify that a true copy of the above document was served upon James Loy, the Transportation Security Administration, Michael Chertoff, the U.S. Department of Homeland Security, the Attorney General of the United States and the Office of the United States Attorney by next day mail on September 16, 2005.

Hugh Dun Rappaport

EXHIBIT A

**Submitted Training Request Information**

**Training Request Information:**

Training Request: 4993
Date of Request: 20041101212308
Category: 1
U.S. recognized Airman Certificate from a Foreign Country: No
Security Approved Foreign Air Carrier Employee: No
Unescorted Access to Airport Secured Areas: No
Flight Crew Member with Criminal History Check: No
TSA Approved Non-threat Class: No
Start Date: 12-06-2004
End Date: 12-15-2004
Course Number: HS 125
Name of Course: Initial New Hire
Course Description: Hawker 700

**Candidate Information:**

First Name: Robert
Middle Name: William George Mulryne
Last Name: Gray
Gender Code: Male
Height in inches or centimeters: 69
Weight in pounds or kilograms: 160
Measurements Type?: English
Eye Color: Blue
Hair Color: Brown
Date of Birth: 08-15-1970
Birth Date Type: Exact
Candidate has Aliases/AKAs?: No

**Citizenship:**

Status: Current
Country: United Kingdom
Qualification: Birth
Start Date: 08-15-1970
End Date: PRESENT

**Identification:**

Type of Identification: FAA Certification/Pilot Number
Identification Number: 2493720
Country: United States Of America

Date of Insertion: 11-01-2004
Start Date: 05-05-2004

**Identification:**

Type of Identification: Passport
Type of Identification Qualifier: Regular
Identification Number: 704248150
Status Code: Current
Country: United Kingdom
Date of Insertion: 11-01-2004
Start Date: 12-19-2001
End Date: 12-19-2011

**Address:**

Type: Current
Street Address 1: 193 Camp Street
Street Address 2: Apartment H3
City: West Yarmouth
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02673
Telephone Number: 321-663-5318

**Address:**

Type: Historical
Street Address 1: 26 Crosby Road
City: Centerville
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02632
Telephone Number: 321-663-5318

**Address:**

Type: Historical
Street Address 1: 4517 La Capri Court
City: Tampa
State or Province: Florida
Country: United States Of America
ZIP or Postal Code : 33611
Telephone Number: 813-831-5544

**Address:**

Type: Historical
Street Address 1: 4217 La Dega Court

City: Tampa
State or Province: Florida
Country: United States Of America
ZIP or Postal Code : 33611
Telephone Number: 813-831-5544

**Address:**

Type: Historical
Street Address 1: 345 Camp Street
Street Address 2: Apartment 302
City: West Yarmouth
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02673
Telephone Number: 321-663-5318

**Employer:**

Hyannis Air Service, Inc. D/B/A Cape Air
Occupation: Chief Pilot
Point of Contact Name: Stephen Phillips
Telephone Number: 508-790-3122
Email Address: sphillips@flycapeair.com
Document ID: 8875F8859/RobertGrayPassport.tif174864

**Flight Training Provider Information:**

Type of Provider: Part 142
School Name: CAE SimuFlite Inc.
FAA Certification Number: ST7X359K
State or Province: Texas

**Address:**

Type: Current
Street Address 1: 7442 East Tillman Street
City: Mesa
State or Province: Arizona
Country: United States Of America
ZIP or Postal Code : 85212

**Address:**

Type: Current
Street Address 1: 5000 Nw 36th Street
City: Miami
State or Province: Florida
Country: United States Of America

ZIP or Postal Code : 33122

**Address:**

Type:  Current
Street Address 1:  P.O. Box 619119
Street Address 2:  2929 West Airfield Drive
City:  DFW Airport
State or Province:  Texas
ZIP or Postal Code :  75261

**Address:**

Type:  Current
Street Address 1:  4650 Diplomacy Drive
City:  Fort Worth
State or Province:  Texas
Country:  United States Of America
ZIP or Postal Code :  76155

**Telephone Number:**

U.S or Non-U.S. Telephone:  U.S.
Type of Telephone:  Business Telephone
Telephone Number:  972-456-8180

**Telephone Number:**

U.S or Non-U.S. Telephone:  U.S.
Type of Telephone:  Business Fax
Telephone Number:  214-952-8188

EXHIBIT B

ןinal Message-----
5eary, Steve - HQ CPO [mailto:Steve.Geary1@dhs.gov]
ʾhursday, December 16, 2004 12:49 PM
ta McIlroy
:t: RE: Robert William George Mulryne Gray - Training


firmation of our previous conversation, TSA is unable to further process Robert Gray's application and will not
nal approval for him to receive flight training due to derogatory information. I will notify you as soon as additional
ation is found that will either clear or deny Mr. Gray. If you or Mr. Gray have any questions regarding this matter
contact me at (703) 542-1166. Thank You.


-----Original Message-----
**From:** Guita McIlroy [mailto:guita.mcilroy@cae.com]
**Sent:** Thursday, December 16, 2004 1:29 PM
**To:** 'steve.geary1@dhs.gov'
**Cc:** Bill Campbell; Darla Pruitt; Brian Campbell; Mike Sliva
**Subject:** Robert William George Mulryne Gray - Training


Robert Gray's 30 day waiting period has expired as of today and according to the new TSA ruling, he is
allowed training in the Simulator. We have not received his final approval yet. Please advise.


Robert is here and is awaiting his final approval.


Regards,


*Guita McIlroy*

*TSA/REGULATORY COMPLIANCE*

*OFFICE PHONE NUMBER: 972-456-8142*

*FAX NUMBER: 972-456-8017*

*gmcilroy@caesimuflite.com*


*CAE SIMUFLITE*

*2929 W. AIRFIELD DRIVE*

*DALLAS, TX. 75261-9119*

*1-800-527-2463*

EXHIBIT C

| | |
|---|---|
| **From:** | afsp |
| **Sent:** | Thursday, January 27, 2005 4:25 PM |
| **To:** | 'rgray9k@yahoo.com' |
| **Cc:** | 'atsa@caesimuflite.com' |
| **Subject:** | AFSP Notification |

Mr. Robert William George Mulryne Gray
193 Camp Street
Apartment H3
West Yarmouth, MA 02673

Re: Flight training request # 4993

Dear Mr. Gray:

Pursuant to Title 49, Code of Federal Regulations (CFR), §1552.3, an individual may not receive flight training at a U.S. flight school if the Transportation Security Administration (TSA) determines that the individual is a threat to aviation or national security.

Based upon materials available to TSA, which I have personally reviewed, I have determined that you pose a threat to aviation or national security. Accordingly, your training request is denied.

You may appeal this determination by serving upon TSA a written reply to this determination, or a written request for the releasable materials upon which this determination is based, within 30 days of service of this determination. TSA does not disclose classified information and reserves the right to not disclose any other information not warranting disclosure or protected from disclosure under law. Your reply must include the rationale and information on which you dispute TSA's determination. All responsive documents should be mailed to:

> Steve Geary
> Transportation Security Administration
> Office of Transportation Vetting and Credentialing
> 601 South 12th Street
> Arlington, VA 22202

Not later than 30 calendar days after TSA receives your written reply or request for materials, or such longer period as TSA may determine for good cause, TSA will respond. Should you have questions and/or concerns regarding this notification, please contact Steve Geary at (703) 542-1166.

Sincerely,
Tim Upham
Office of Transportation Vetting and Credentialing

**EXHIBIT D**

# KROKIDAS  BLUESTEIN

ATTORNEYS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

HUGH DUN RAPPAPORT
JULIE A. HERBST
EMILY R. DAUGHTERS

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

February 22, 2005

## Via Certified Mail/Return Receipt Requested and Via UPS Second Day Air

Steve Geary
Transportation Security Administration
Office of Transportation Vetting and Credentialing
601 South 12th Street
Arlington, VA 22202

Re: Flight Training Request # 4993

Dear Mr. Geary:

This office represents Robert William George Mulryne Gray in connection with this reply to the determination in your e-mail of January 27, 2005 that Mr. Gray poses "a threat to aviation or national security."

Mr. Gray strongly disputes said determination. Moreover, we hereby request on his behalf all information, documents or data (including but not limited to "releasable materials") upon which this determination was based.[1] Not surprisingly, until we receive such information (including the most basic of facts concerning the basis for the determination), it is difficult to provide a meaningful reply.[2] As a result, we must reserve the right to supplement this reply upon receipt of the requested information.

More globally, Mr. Gray objects to having to respond to what are apparently secret or undisclosed allegations or information. The most fundamental, settled principles of due process preclude the Government from proceeding in this manner since Mr. Gray is precluded from the

---

[1] To the extent that any documents, data or information are withheld, kindly provide a log akin to a "privilege log" specifying the form, length, source and nature of the documents, data or information at issue.

[2] The sum total of the information Mr. Gray has been able to obtain regarding the grounds for the decision by the Transportation Security Administration ("TSA") is a statement made to his employer by a TSA official that the Government had identified unspecified "derogatory information" in Mr. Gray's background.

KROKIDAS & BLUESTEIN LLP

Steve Geary
Transportation Security Administration
Office of Transportation Vetting and Credentialing
February 22, 2005
Page 2

opportunity to be heard in a meaningful manner if he is provided no information regarding the basis for the challenged decision. Such a procedure squarely contravenes the Fifth Amendment's prohibition on deprivation of a property interest without due process of law. In addition, the integrity and even the rationality of such a process is called into question since, without the ability to learn anything about the asserted facts underlying the decision, Mr. Gray is precluded from identifying errors, such as confusion regarding names of the sort that has been known to occur.[3]

Having said all this, I will provide a brief outline of Mr. Gray's longstanding, substantial connection to this country and his unblemished history as a productive member of the American workforce. Mr. Gray is a legal resident alien of the United States and holds a British passport. He has lived here since August of 1993 and is a licensed airline transport pilot in this country. Mr. Gray has worked as an airline pilot with Gulfstream International Airlines (d/b/a Continental Connection) and with Cape Air. He has had no involvement of any kind with the criminal justice system and has had a solid record of workplace contributions and reliability.

In sum, Mr. Gray is a hardworking, productive member of the American workforce caught up in what may well be a horrendous error which could easily be remedied by the provision of information indicating the basis for the erroneous determination made by the TSA.

Very truly yours,

Paul Holtzman

PH/mlf

cc:  Sarah Wunsch, Esq., ACLU of Massachusetts

2192\0001\148404.1

---

[3]  As it relates to the procedures being employed in this matter, kindly forward all applicable administrative or other procedures (whether in draft or final form) governing the TSA's handling of this matter and/or providing Mr. Gray with rights of appeal or other rights including the right to inspect the evidence or information relied upon by the TSA.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7099 3400 0021 4918 2180

Article Sent To:

Steve Geary, TSA, Office of
Transportation Vetting and
Credentialing

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Name (Please Print Clearly) (to be completed by mailer)
Transportation Security Administration
Street, Apt. No.; or PO Box No.
601 South 12th Street
City, State, ZIP+4
Arlington, VA 22202-4220

PS Form 3800, July 1999                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Steve Geary
Transportation Security
    Administration
Office of Transportation
    Vetting and Credentialing
601 South 12 Street
Arlington, VA 22202-4220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☑ Agent
                      ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number
   (Transfer from service label)    7099 3400 0021 4918 2180

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

PAUL HOLTZMAN, ESQ.
16174827211
KROKIDAS & BLUESTEIN LLP
600 ATLANTIC AVE.
BOSTON MA 02210

**LTR**     **1 OF 1**

**SHIP TO:**
STEVE GEARY
TRANSPORTATION SECURITY ADMIN
OFFICE OF TRANSPORTATION VETTING
AND CREDENTIALING
601 SOUTH 12TH STREET
**ARLINGTON  VA 22202-4220**



# VA 222 9-10

**UPS 2ND DAY AIR**

TRACKING #: 1Z V40 9R0 02 9346 0892

**2**



BILLING: P/P

Reference#1: 2192-1

 TM

UPS 7.0.11.0     WXPIZ60 36.0A 10/2004



**UPS 2nd Day Air.**

EXHIBIT E

U.S. Department of Homeland Security
Arlington, Virginia 22202-4220



Transportation
Security
Administration

March 24, 2005

Krokidas & Bluestein LLP

**By Federal Express**

MAR 2 5 2005

Paul Holtzman
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Re:    Denial of Flight Training for Aliens and Other Designated Individuals Pursuant to
       49 C.F.R. Part 1552, Training Request 4493

Dear Mr. Holtzman:

On January 27, 2005, the Transportation Security Administration (TSA) informed Mr.
Gray that his request to receive flight training (training request 4993) in the United States
was denied pursuant to 49 C.F.R. Part 1552. On February 24, 2005, TSA received Mr.
Gray's request, dated February 22, 2005, to obtain copies of releasable materials upon
which the denial was based. This letter serves as TSA's response to the request.

Enclosed please find several documents that we are authorized to release and upon
which the determination in this matter was based. Please note that we have redacted
portions of the documents containing privileged information.

Not later than 30 calendar days after the date of service of this response, you may
serve upon TSA an appeal of the instant denial of flight school training. The written
appeal should include any information that you believe TSA should consider in reviewing
the basis for the determination.

You may send any correspondence to the undersigned at:

            Transportation Security Administration - TSA 2
            TSA Headquarters – East Building
            12th Floor
            601 South 12th Street
            Arlington, VA 22202-4220

Not later than 30 calendar days, or such longer period as TSA may determine for good cause, after TSA receives your reply, TSA will respond to the appeal.

Sincerely,

Heather R. Epstein
Attorney Advisor

Enc.

**From:** afsp

**Sent:** Thursday, January 27, 2005 4:25 PM

**To:** 'rgray9k@yahoo.com'

**Cc:** 'atsa@caesimuflite.com'

**Subject:** AFSP Notification

Mr. Robert William George Mulryne Gray
193 Camp Street
Apartment H3
West Yarmouth, MA 02673

Re: Flight training request # 4993

Dear Mr. Gray:

Pursuant to Title 49, Code of Federal Regulations (CFR), §1552.3, an individual may not receive flight training at a U.S. flight school if the Transportation Security Administration (TSA) determines that the individual is a threat to aviation or national security.

Based upon materials available to TSA, which I have personally reviewed, I have determined that you pose a threat to aviation or national security. Accordingly, your training request is denied.

You may appeal this determination by serving upon TSA a written reply to this determination, or a written request for the releasable materials upon which this determination is based, within 30 days of service of this determination. TSA does not disclose classified information and reserves the right to not disclose any other information not warranting disclosure or protected from disclosure under law. Your reply must include the rationale and information on which you dispute TSA's determination. All responsive documents should be mailed to:

> Steve Geary
> Transportation Security Administration
> Office of Transportation Vetting and Credentialing
> 601 South 12th Street
> Arlington, VA 22202

Not later than 30 calendar days after TSA receives your written reply or request for materials, or such longer period as TSA may determine for good cause, TSA will respond. Should you have questions and/or concerns regarding this notification, please contact Steve Geary at (703) 542-1166.

Sincerely,
Tim Upham
Office of Transportation Vetting and Credentialing

United Kingdom of Great Britain and Northern Ireland

**Passport**
**Passeport**

Type/Type   Code of issuing State/Code de l'État émetteur       Passport No./Passeport No.
P.                    GBR                                       704248150

Surname/Nom (1)
GRAY

Given names/Prénoms (2)
ROBERT WILLIAM GEORGE MULRYNE

Nationality/Nationalité (3)
BRITISH CITIZEN

Date of birth/Date de naissance (4)
15 AUG /AOuT 70

Sex/Sexe (5)        Place of birth/Lieu de naissance (6)
M              BELFAST

Date of issue/Date de délivrance (7)        Authority/Autorité (8)
19 DEC /DEC 01                          USA

Date of expiry/Data d'expiration (9)        Holder's signature/Signature du titulaire (10)
19 DEC /DEC 11

P<GBRGRAY<<ROBERT<WILLIAM<GEORGE<MULRYNE<<<<
7042481509GBR7008153M1112197<<<<<<<<<<<<<06

## Submitted Training Request Information

### Training Request Information:

Training Request: 4993
Date of Request: 20041101212308
Category: 1
U.S. recognized Airman Certificate from a Foreign Country: No
Security Approved Foreign Air Carrier Employee: No
Unescorted Access to Airport Secured Areas: No
Flight Crew Member with Criminal History Check: No
TSA Approved Non-threat Class: No
Start Date: 12-06-2004
End Date: 12-15-2004
Course Number: HS 125
Name of Course: Initial New Hire
Course Description: Hawker 700

### Candidate Information:

First Name: Robert
Middle Name: William George Mulryne
Last Name: Gray
Gender Code: Male
Height in inches or centimeters: 69
Weight in pounds or kilograms: 160
Measurements Type: English
Eye Color: Blue
Hair Color: Brown
Date of Birth: 08-15-1970
Birth Date Type: Exact
Candidate has Aliases/AKAs: No

### Citizenship:

Status: Current
Country: United Kingdom
Qualification: Birth
Start Date: 08-15-1970
End Date: PRESENT

### Identification:

Type of Identification: FAA Certification/Pilot Number
Identification Number: 2493720
Country: United States Of America
Date of Insertion: 11-01-2004
Start Date: 05-05-2004

## Identification:

Type of Identification: Passport
Type of Identification Qualifier: Regular
Identification Number: 704248150
Status Code: Current
Country: United Kingdom
Date of Insertion: 11-01-2004
Start Date: 12-19-2001
End Date: 12-19-2011

## Address:

Type: Current
Street Address 1: 193 Camp Street
Street Address 2: Apartment H3
City: West Yarmouth
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02673
Telephone Number: 321-663-5318

## Address:

Type: Historical
Street Address 1: 26 Crosby Road
City: Centerville
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02632
Telephone Number: 321-663-5318

## Address:

Type: Historical
Street Address 1: 4517 La Capri Court
City: Tampa
State or Province: Florida
Country: United States Of America
ZIP or Postal Code : 33611
Telephone Number: 813-831-5544

## Address:

Type: Historical
Street Address 1: 4217 La Dega Court
City: Tampa
State or Province: Florida
Country: United States Of America

ZIP or Postal Code : 33611
Telephone Number: 813-831-5544

**Address:**

Type: Historical
Street Address 1: 345 Camp Street
Street Address 2: Apartment 302
City: West Yarmouth
State or Province: Massachusetts
Country: United States Of America
ZIP or Postal Code : 02673
Telephone Number: 321-663-5318

**Employer:**

Employer: Hyannis Air Service, Inc. D/B/A Cape Air
Occupation: Chief Pilot
Point of Contact Name: Stephen Phillips
Telephone Number: 508-790-3122
Email Address: sphillips@flycapeair.com

**Faxed/Uploaded Document:**

Document ID: 8875
Fax / Uploaded: Uploaded
Original File Name: F8859/RobertGrayPassport.tif
Document Type: Passport
Document Size: 74864

**Flight Training Provider Information:**

Type of Provider: Part 142
School Name: CAE SimuFlite Inc.
FAA Certification Number: ST7X359K
State or Province: Texas

**Flight Training Provider Address:**

Type: Current
Street Address 1: 7442 East Tillman Street
City: Mesa
State or Province: Arizona
Country: United States Of America
ZIP or Postal Code : 85212

**Flight Training Provider Address:**

Type: Current

Street Address 1: 5000 Nw 36th Street
City: Miami
State or Province: Florida
Country: United States Of America
ZIP or Postal Code : 33122

**Flight Training Provider Address:**

Type: Current
Street Address 1: P.O. Box 619119
Street Address 2: 2929 West Airfield Drive
City: DFW Airport
State or Province: Texas
ZIP or Postal Code : 75261

**Flight Training Provider Address:**

Type: Current
Street Address 1: 4650 Diplomacy Drive
City: Fort Worth
State or Province: Texas
Country: United States Of America
ZIP or Postal Code : 76155

**Flight Training Provider Telephone Number:**

U.S or Non-U.S. Telephone: U.S.
Type of Telephone: Business Telephone
Telephone Number: 972-456-8180

**Flight Training Provider Telephone Number:**

U.S or Non-U.S. Telephone: U.S.
Type of Telephone: Business Fax
Telephone Number: 214-952-8188

**EXHIBIT F**

U.S. Department of Homeland Security
Arlington, Virginia 22202-4220



**Transportation
Security
Administration**

March 31, 2005

**By Federal Express**

Paul Holtzman
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Re:    Denial of Flight Training for Aliens and Other Designated Individuals Pursuant to
       49 C.F.R. Part 1552, Training Request 4993

Dear Mr. Holtzman:

On March 24, 2005, several documents were released to you regarding Robert
William George Mulryne Gray in connection with the above-referenced matter. Enclosed
please find an additional document that we are authorized to release and upon which the
determination in this matter was based. Please note that we have redacted portions of the
document containing privileged information.

Sincerely,

Heather R. Epstein
Attorney Advisor

Enc.

Krokidas & Bluestein LLP

APR 0 1 2005

```
  15:59         TECS II - PERSON SUBJECT DISPLAY ▓▓▓▓▓
]= ▓▓▓▓
:S RECORD ID ▓▓▓▓▓▓▓▓▓▓▓         EN_RY ▓▓▓▓ UPDATE 042702
ME- LAST GRAY                          PHYSICAL IDENTIFIERS
RST ROBERT        MID WILLIAM    ·HISPANIC  RACE   SEX M HAIR    EYES
    IMAGE            ALIAS   NICKNAME   STC    HT 000    WT 000   ENGLSH
RSONAL-                                       S/M/T            MORE
OB 08151970  POB- CNTRY   ST   CITY                  CTZN      MORE
SN 594379018 MORE   AFN        MORE   RES    EXC/SITE          MORE
PN            TYPE   CNTRY   ISSDT        EXPDT            MORE
DRESS- DATE 042702   STREET 2013 IPSDEN DR              APT
ITY ORLANDO                  STATE FL CNTRY US ZIP 32837 TYPE    MORE
NTACT- FAA-PILOT DIRECTORY                    PHONE
WNER          FAA-AIRMAN  TAPE-INTERFAC CASE NBR            MORE
RIMARY 0  NOT ON PRIMARY          START      STOP      QRY NTFY ▓
STATUS ▓▓▓▓▓, PILOT FROM FAA TAPE     CAT
EMARKS-  DATE 042702                                     MORE
HIS DATA IS PROVIDED BY THE FAA. THE SUBJECT OF THIS RECORD IS CERTIFIED
ITH THE FAA AS A PILOT, FLIGHT ENGINEER, OR NAVIGATOR
O SUB-RECORDS
     STANDARDIZED ADDRESS
```

**EXHIBIT G**

# KROKIDAS ▣ BLUESTEIN

### ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE A. HERBST
EMILY R. DAUGHTERS

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

April 1, 2005

**Via First Class Mail and**
**Certified Mail/Return Receipt Requested**
**7099 3400 0020 7519 9153**

Heather R. Epstein
Attorney Advisor
Transportation Security Administration – TSA 2
TSA Headquarters – East Building, 12th Floor
601 South 12th Street
Arlington, VA  22202-4220

      Re:  Training Request 4493 (Robert Gray)[1]

Dear Attorney Epstein:

      I am in receipt of your letter of March 24, 2005. It appears that you have responded to that portion of my letter of February 22, 2005 requesting copies of the documents or information upon which the challenged denial of flight training was based.[2] While your letter makes reference to "several" enclosed documents "upon which the denial was based," the only documents enclosed with the letter were (a) a copy of the January 27, 2005 email conveying the initial denial of flight training; (b) a copy of a page from Mr. Gray's passport; and (c) a four-page document titled "Submitted Training Request Information."

      Because nothing in any of these three documents even begins to suggest information of an adverse nature which could plausibly justify the denial at issue, I would request that you confirm that we received the proper documents. This request for confirmation is further

---

[1]   Please note that the caption on your letter appears to have erroneously listed the Training Request number as 4493 rather than 4993.

[2]   I say that it appears that that is the purpose of your letter because the third paragraph refers to the "instant denial of flight school training." I am assuming that that language was mistakenly included. However, if I am mistaken, please advise and please note that Mr. Gray reserves all his rights to challenge the previously communicated denial of his request for flight training.

KROKIDAS & BLUESTEIN LLP

Heather R. Epstein
Attorney Advisor
Transportation Security Administration – TSA 2
April 1, 2005
Page 2

necessitated by the reference in your letter to the TSA having redacted portions of the documents, since none of the three documents enclosed reflects any redactions.

If these are in fact the documents which constitute the agency's response to our February 22, 2005 request, please consider this letter a formal appeal or challenge to the sufficiency of the agency's response to our request for documents and information.

In any event, I am hopeful that you might contact me by telephone so that we might make an effort to promptly resolve this matter. The concern that I expressed in my letter of February 22, 2005 that Mr. Gray may be the victim of an erroneous determination based on a confusion of names or some other easily remediable error is enhanced in light of the absence of any basis for the challenged decision in the documents you have provided.

I will look forward to speaking with you.

Very truly yours,

Paul Holtzman

PH/mlf

2192\0001\149710.1

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7099 3400 0020 7519 9153

Article Sent To:
Heather R. Epstein
Transportation Security Administration

| | |
|---|---|
| Postage | $ .37 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.42 |

Postmark Here
MAY 1 2005
U.S.P.S. BOSTON

Name (Please Print Clearly) (to be completed by mailer) Transportation
Heather R. Epstein, Security Admin
Street, Apt. No.; or PO Box No.
601 South 12th St., East Bldg. 12th Fl
City, State, ZIP+4
Arlington, VA 22202-4220

PS Form 3800, July 1999                    See Reverse for Instructions

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

1. Article Addressed to:

Heather R. Epstein
Attorney Advisor
Transportation Security
    Administration — TSA 2
TSA Headquarters — East
    Building, 12th Floor
601 South 12th Street
Arlington, VA 22202-4220

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☑ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(Transfer from service label)

7099 3400 0020 7519 9153

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

EXHIBIT H

U.S. Department of Homeland Security
Arlington, Virginia 22202-4220



**Transportation
Security
Administration**

April 14, 2005

**By Facsimile**

Paul Holtzman
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Re:    Denial of Flight Training for Aliens and Other Designated Individuals Pursuant to
       49 C.F.R. Part 1552

Dear Mr. Holtzman:

I am in receipt of your letter dated April 1, 2005. On March 24 and 31, 2005, you
were forwarded all of the documents upon which the determination in this matter was
based that TSA is authorized to release.

If you wish to serve TSA with an appeal regarding the denial of Mr. Gray's flight
training, you must do so no later than April 24, 2005.

You may send any correspondence to the undersigned at:

> Transportation Security Administration - TSA 2
> TSA Headquarters – East Building
> 12th Floor
> 601 South 12th Street
> Arlington, VA 22202-4220

Sincerely,

Heather R. Epstein
Attorney Advisor

Krokidas & Bluestein LLP

APR 1 4 2005

**EXHIBIT I**

# KROKIDAS ⬛ BLUESTEIN

ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE A. HERBST
EMILY R. DAUGHTERS

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

April 14, 2005

## Via First Class Mail and
## Certified Mail/Return Receipt Requested

Heather R. Epstein
Attorney Advisor
Transportation Security Administration – TSA 2
TSA Headquarters – East Building, 12th Floor
601 South 12th Street
Arlington, VA 22202-4220

Re: Training Request 4493 (Robert Gray)

Dear Attorney Epstein:

I am in receipt of your letter of April 14, 2005. This will constitute formal notice of Mr. Gray's appeal of the denial by the Transportation Security Administration ("TSA") of his flight training request. In support of the appeal, I would respectfully refer you to the enclosed letter of February 22, 2005 to Steve Geary which was initially served as our reply to the determination as provided for in the January 27, 2005 e-mail from Tim Upham, Office of Transportation Vetting and Credentialing, denying the flight training request.

In further support of the appeal, I would point to an example of what may well be an instance of confusion of identities of the sort alluded to in my letter of February 22, 2005. Specifically, the single substantive document provided (albeit in a redacted form) is a TECS II printout which appears to refer to a William Robert Gray who is "Hispanic." As you will note from Mr. Gray's British passport, he is not Hispanic. Moreover, the unredacted portions of the document provide no information of any kind suggestive of a legitimate basis for the denial of flight training.

More globally, we object to the procedure employed by TSA which precludes Mr. Gray from learning the most basic of information concerning the basis for the adverse action taken against him. It is simply impossible to test or challenge the basis for the agency's action when the agency declines to identify even in broad strokes the nature of the asserted basis.

KROKIDAS & BLUESTEIN LLP

Heather R. Epstein
Attorney Advisor
Transportation Security Administration – TSA 2
April 14, 2005
Page 2

Finally, I would renew our request for production (or at a minimum itemization) of any additional documents or information upon which the determination was made, including but not limited to an unredacted version of the TECS II printout provided with your letter of March 31, 2005. Absent such production, the concern that I expressed in my letter of February 22, 2005 that Mr. Gray may be the victim of an erroneous determination based on a confusion of names or some other easily remediable error remains.

I will look forward to speaking with you if there is any additional information or documentation that you are able to provide.

Thank you for your attention to this matter.

Very truly yours,

Paul Holtzman

PH/mlf
Enclosure

cc:     Sarah Wunsch, Esq.
        ACLU of Massachusetts
        99 Chauncy Street, Suite 310
        Boston, MA 02111

# KROKIDAS ☒ BLUESTEIN

ATTORNEYS

RICHARD M. BLUESTEIN
MARIA J. KROKIDAS
SAMUEL NAGLER
JANET STECKEL LUNDBERG
ROBERT J. GRIFFIN
VINCENT J. PISEGNA
PAUL V. HOLTZMAN
ANTHONY J. CICHELLO
JENNIFER GALLOP
ELKA T. SACHS

600 ATLANTIC AVENUE
BOSTON, MASSACHUSETTS 02210
PHONE 617-482-7211 • FAX 617-482-7212

HUGH DUN RAPPAPORT
JULIE A. HERBST
EMILY R. DAUGHTERS

ELIZABETH C. ROSS
LINDA R. BOSSE
BARBARA S. PARKER
OF COUNSEL

February 22, 2005

## Via Certified Mail/Return Receipt Requested and Via UPS Second Day Air

Steve Geary
Transportation Security Administration
Office of Transportation Vetting and Credentialing
601 South 12th Street
Arlington, VA 22202

Re: Flight Training Request # 4993

Dear Mr. Geary:

This office represents Robert William George Mulryne Gray in connection with this reply to the determination in your e-mail of January 27, 2005 that Mr. Gray poses "a threat to aviation or national security."

Mr. Gray strongly disputes said determination. Moreover, we hereby request on his behalf all information, documents or data (including but not limited to "releasable materials") upon which this determination was based.[1] Not surprisingly, until we receive such information (including the most basic of facts concerning the basis for the determination), it is difficult to provide a meaningful reply.[2] As a result, we must reserve the right to supplement this reply upon receipt of the requested information.

More globally, Mr. Gray objects to having to respond to what are apparently secret or undisclosed allegations or information. The most fundamental, settled principles of due process preclude the Government from proceeding in this manner since Mr. Gray is precluded from the

---

[1] To the extent that any documents, data or information are withheld, kindly provide a log akin to a "privilege log" specifying the form, length, source and nature of the documents, data or information at issue.

[2] The sum total of the information Mr. Gray has been able to obtain regarding the grounds for the decision by the Transportation Security Administration ("TSA") is a statement made to his employer by a TSA official that the Government had identified unspecified "derogatory information" in Mr. Gray's background.

KROKIDAS & BLUESTEIN LLP

Steve Geary
Transportation Security Administration
Office of Transportation Vetting and Credentialing
February 22, 2005
Page 2

opportunity to be heard in a meaningful manner if he is provided no information regarding the
basis for the challenged decision. Such a procedure squarely contravenes the Fifth Amendment's
prohibition on deprivation of a property interest without due process of law. In addition, the
integrity and even the rationality of such a process is called into question since, without the
ability to learn anything about the asserted facts underlying the decision, Mr. Gray is precluded
from identifying errors, such as confusion regarding names of the sort that has been known to
occur.[3]

Having said all this, I will provide a brief outline of Mr. Gray's longstanding, substantial
connection to this country and his unblemished history as a productive member of the American
workforce. Mr. Gray is a legal resident alien of the United States and holds a British passport.
He has lived here since August of 1993 and is a licensed airline transport pilot in this country.
Mr. Gray has worked as an airline pilot with Gulfstream International Airlines (d/b/a Continental
Connection) and with Cape Air. He has had no involvement of any kind with the criminal justice
system and has had a solid record of workplace contributions and reliability.

In sum, Mr. Gray is a hardworking, productive member of the American workforce
caught up in what may well be a horrendous error which could easily be remedied by the
provision of information indicating the basis for the erroneous determination made by the TSA.

Very truly yours,

Paul Holtzman

PH/mlf

cc:  Sarah Wunsch, Esq., ACLU of Massachusetts

219200001\148404.1

---

[3]  As it relates to the procedures being employed in this matter, kindly forward all applicable
administrative or other procedures (whether in draft or final form) governing the TSA's handling of this
matter and/or providing Mr. Gray with rights of appeal or other rights including the right to inspect the
evidence or information relied upon by the TSA.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Article Sent To:

Heather R. Epstein

| | | |
|---|---|---|
| Postage | $ | .60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Postmark Here
APR 14 2005

Name (Please Print Clearly) (to be completed by mailer)
Transportation Security Administration
Street, Apt. No.; or PO Box No. East Bldg, 12th Fl
601 South 12th Street
City, State, ZIP+4
Arlington, VA  22202-4220

PS Form 3800, July 1999                    See Reverse for Instructions

7099 3400 0020 7519 9146

---

2192-1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Heather R. Epstein
Attorney Advisor
Transportation Security
  Administratin -- TSA-2
Headquarters, East Bldg, 12th Fl
601 South 12th Street
Arlington, VA  22202-4220

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

APR 18 2005

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7099 3400 0020 7519 9146

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

EXHIBIT J

U.S. Department of Homeland Security
**Arlington, Virginia 22202-4220**



**Transportation**
**Security**
**Administration**

MAY 1 1 2005

## CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Paul Holtzman
Krokidas & Bluestein
600 Atlantic Avenue
Boston, MA 02210

Re:    Denial of Flight Training for Aliens and Other Designated Individuals Pursuant to 49
       C.F.R. Part 1552

Dear Mr. Holtzman:

On January 27, 2005, the Transportation Security Administration informed your client,
Robert Gray, that his request to receive flight training in the Untied States was denied pursuant
to 49 C.F.R. Part 1552. Mr. Gray made a timely request to obtain copies of releasable materials
upon which the denial was based and provided information to appeal the denial. After receiving
the releasable materials, Mr. Gray supplemented his appeal.

After personally reviewing the denial and other information and materials available to TSA, I
have determined that Mr. Gray poses a security threat and the denial of Mr. Gray's flight school
training was appropriate.

Sincerely,

Rodney W. Turk
Assistant Administrator
Office of Transportation Vetting and Credentialing

Krokidas & Bluestein LLP

MAY 1 6 2005